# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          Case No. 94-20075

GREGORY DOBSON,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE

Defendant Gregory Dobson pleaded guilty on May 18, 1995, to possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1). (ECF No. 125, PageID.1.) On January 29, 1996, the court sentenced him to 29 months imprisonment. (*Id.*, PageID.2.) Defendant was released from prison in April 1998. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/mobile/find_inmate/byname.jsp (last visited June 16, 2021).

Defendant has filed a "Motion to Expunge." (ECF No. 129.) He argues that his conviction limits his opportunities for employment, volunteering, and public office. (*Id.*, PageID.8.) In addition, he states that the conviction carries a negative stigma. (*Id.*) Defendant requests "expungement" and a "pardon." (*Id.*)

Defendant cites no legal authority in support of his position. However, the Sixth Circuit has held that "federal courts may assert ancillary jurisdiction to expunge criminal records." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). The court's "ancillary power" is limited and "does not stretch that far." *United States v. Lucido*, 612 F.3d 871,

874 (6th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[F]ederal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations—e.g., motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Field*, 756 F.3d at 915. By contrast, "where motions for expungement challenge an unconstitutional conviction or an illegal arrest or are otherwise based upon a constitutional claim, federal courts may have jurisdiction to consider the motion." *Id.*

Defendant's request for expungement is grounded entirely in "equitable considerations" such as his "good conduct" post-release and the harm his conviction has done to his social standing and employment opportunities. *Id.*; *see also Lucido*, 612 F.3d at 875 (noting that "matters that occurred after the criminal proceedings," such as the defendant's "good conduct" and his "difficulty attracting clients," had "nothing to do with the facts underlying . . . the original criminal case[]," thus falling outside the court's ancillary jurisdiction). (ECF No. 129, PageID.8.) Defendant does not allege that his conviction violated the Constitution or was in any way improper. *Cf. United States v. Carey*, 602 F.3d 738, 740-41 (6th Cir. 2010) (reviewing a motion for expungement on the merits where the defendant alleged substantive due process and equal protection violations). Thus, Defendant does not state a valid ground for relief, and the instant motion will be denied.

Defendant also requests a "pardon," but he cites no law providing the court authority to issue pardons. (ECF No. 129, PageID.8.) The authority "to grant Reprieves and Pardons" under the Constitution is given only to the President. U.S. Const. art. II, §

2; *see Schick v. Reed*, 419 U.S. 256, 267 (1974) ("[T]he pardoning power is an enumerated power of the Constitution and that its limitations, if any, must be found in the Constitution itself."). Accordingly,

IT IS ORDERED that Defendant's "Motion to Expunge" (ECF No. 129) is DENIED.

s/Robert H. Cleland                    /<br>
ROBERT H. CLELAND<br>
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 23, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner                    /<br>
Case Manager and Deputy Clerk<br>
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\94-20075.DOBSON.MotiontoExpunge.RMK.1.docx